UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF KIRBY INLAND MARINE, LP AND KIRBY CORPORATION, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION 4:22-CV-2464<br>RULE 9(h) ADMIRALTY |

## ANSWER AND AFFIRMATIVE DEFENSES AND CLAIMS OF MICHAEL FORD

Claimant MICHAEL FORD ("Claimant") files this Answer, Affirmative Defenses, and Claims in response to Petitioners KIRBY INLAND MARINE, LP and KIRBY CORPORATION ("Petitioner") Complaint for Exoneration From or Limitation of Liability (Doc. #1) and upon information and belief, state as follows:

## **ANSWER**

1. The allegations contained in Paragraph 1 are admitted as to the filing of the limitation only. The rest are denied.

2. The allegations in Paragraph 2 are admitted as to venue only. The rest are denied.

3. The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4. The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein. Claimant specifically states if Kirby Corporation was not the owner of the M/V SANDPIPER it is not entitled to limitation of liability.

5. The allegations contained in Paragraph 5 of the Complaint are denied.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied. Claimant specifically denies Petitioner is allowed to limit in this case.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegations in Paragraph 12 are admitted to the extent that Petitioners filed a stipulation. The adequacy of the amount and value of the stipulation and value of the vessel and cargo are denied.

13. The allegations in Paragraph 13 are admitted to the extent that Petitioners filed a cost bond. The adequacy of the amount and value of the stipulation and value of the vessel and cargo are denied.

14. The allegations in Paragraph 14 are denied for lack of sufficient basis to justify a belief therein.

15. The allegations contained in Paragraph 15 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied. Claimant specifically denies Petitioner is allowed to limit in this case.

16. The allegations contained in Paragraph 16 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if

response be deemed necessary, said allegations are denied. Claimant specifically denies Petitioner is allowed to limit in this case.

17. The allegations contained in Paragraph 17 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied. Claimant specifically denies Petitioner is allowed to limit in this case.

18. The allegations contained on the bottom of page 4 (restarting with paragraphs 1-5) which comprise Petitioner's prayer in this matter are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied. Claimants further specifically deny the adequacy of the valuation of the M/V SANDPIPER as asserted by Petitioner. Claimant further re-urge his prior objection to Petitioner's failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioner from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioner. Claimant further denies the adequacy of Petitioners' *Ad Interim* Stipulation for an amount equal to the value of its interest in the M/V SANDPIPER and/or other vessels in its flotilla and their appurtenances and hereby makes demand for Petitioner to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid. Claimant further asserts (as he will below) that Petitioner is liable for his injuries and damages and is not entitled to a limitation of liability.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

### SECOND DEFENSE

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Honorable Court lacks personal jurisdiction over Claimant.

### THIRD DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### FOURTH DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

### FIFTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the

Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### SIXTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

### SEVENTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/V SANDPIPER and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

### EIGHTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V SANDPIPER and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

### NINTH DEFENSE

To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## TENTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

## ELEVENTH DEFENSE

The events culminating in the injuries of Claimant was the result of the negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is responsible, and/or the unseaworthiness of the M/V SANDPIPER and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioner, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

## TWELFTH DEFENSE

The events culminating in the injuries of Claimant was not the result of any negligence, fault, or want of due care on the part of Claimant or those for whom they may be responsible.

## THIRTEENTH DEFENSE

Claimant further alleges that there was insurance coverage on the M/V SANDPIPER insuring Petitioner in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## FOURTEENTH DEFENSE

Claimant stateS that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained

herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### FIFTEENTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserveS all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

### SIXTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioner's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

### SEVENTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of

7

the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

## EIGHTEENTH DEFENSE

Claimant reserves the right to contest the appraisal value of the M/V SANDPIPER and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## NINETEENTH DEFENSE

Petitioner's Complaint does not affect Claimant's right to maintenance and cure. Thus, Petitioner's liability to Claimant, if any, for their intentional, willful, arbitrary, and capricious refusal to provide Claimant's maintenance and cure is not limited to the value of any of its vessels.

## TWENTIETH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Petitioner.

## TWENTY-FIRST DEFENSE

Petitioner is not a "vessel owner" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq*.

## TWENTY-SECOND DEFENSE

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether Petitioner was negligent, whether the vessel was unseaworthy,

8

and whether such negligence/unseaworthiness were within the privity and/or knowledge of Petitioner. All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is Claimant's rights under the Saving to Suitors clause and the Jones Act.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant, files his Claim in the Complaint for exoneration from or limitation of liability of, and state that:

## CLAIM

1. Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim. Moreover, Michael Ford suffered serious injuries as a result of Petitioners' negligence.

1. n or about August 29, 2021, Claimant, who is a Jones Act seaman, was employed by Petitioners. At the time of the incident, Claimant was assigned to the Kirby M/V SANDPIPER. At all relevant times, Claimant was a member of the crew and was contributing to the mission of the M/V SANDPIPER. At all relevant times, the M/V SANDPIPER was a vessel in navigation upon navigable waters.

2. At least one of Petitioners owned, operated, and/or managed the M/V SANDPIPER and employed Claimant. Further, at all relevant times, the M/V SANDPIPER was deployed on navigable waters, and Claimant was contributing to, and aiding such vessel to accomplish its mission.

3. Claimant was working to perform his duties aboard the M/V SANDPIPER when it became known that that the M/V SANDPIPER was in the direct path of Hurricane Ida while in the Mississippi River near Kenner, Louisiana. Knowing the threat of Hurricane Ida was imminent,

Petitioners still did not take proper steps to evade and seek shelter from the storm.

4. Despite multiple warnings that a life-threatening storm was coming, Petitioners took no action to evacuate Claimant and other members of the crew. Hurricane Ida then made landfall and the M/V SANDPIPER was severely damaged. Indeed, Claimant and other crew members had to abandon ship and ride out the storm on a nearby barge. In addition, Claimant watched in horror as another Kirby vessel sunk right next to him.

5. This entire event caused by Petitioners' actions has caused Claimant physical injuries, severe mental anguish, and emotional distress from which Claimant will likely never recover from, and has left him unable to work offshore again. The life threatening and dangerous river state caused the M/V SANDPIPER to yaw and pitch uncontrollably, tossing around Claimant and other members of the crew for hours. As a result, Claimant suffered severe mental and physical injuries, including injuries to his head, neck, back and legs. Indeed, Claimant was in a zone of physical and mental danger for an extended period of time, which has left him physically and mentally unable to work offshore or lead the normal life he had built for himself.

## CAUSES OF ACTION

**A. Negligence**

6. Claimant hereby incorporates by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

7. Petitioners are negligent and grossly negligent for the following reasons:

   a. failing to inspect, maintain, and repair equipment;

   b. failure to properly supervise its crew;

   c. failure to provide safe means in ingress and/or egress;

   d. failing to maintain a safe work environment;

  e. failing to properly train employees;

  f. failure to provide an adequate crew;

  g. failure to maintain the vessel;

  h. vicariously liable for their employees' negligence and gross negligence;

  i. issuing orders that directly placed the crew of the M/V SANDPIPER in extreme danger;

  j. violating applicable Coast Guard, OSHA, and/or MMS rules;

  k. violating their own safety rules and regulations;

  l. failing to maintain safe mechanisms for work and life on the vessel; and

  m. other acts deemed negligent and grossly negligent.

8. At all relevant times, the M/V SANDPIPER was unseaworthy.

9. As a result of said occurrence, Claimant sustained severe injuries, which resulted in physical impact, mental anguish, and other medical problems stemming from being in the zone of danger. Claimant has sustained severe discomfort, mental anguish, and distress. In all reasonable probability, Claimant's injuries will continue indefinitely. Claimant has also suffered a significant loss of earnings in the past, as well as a loss of future earning capacity. In fact, due to the severity of Claimant's injuries, Claimant's earing capacity may be eliminated altogether. Claimant has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Claimant seeks punitive damages against Petitioners for arbitrarily and improperly denying maintenance and cure. Claimant has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

10. Claimant is also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent. Petitioners acted with flagrant and malicious disregard of

Claimant's health and safety. Petitioners were subjectively aware of the extreme risks posed by the conditions which caused Claimant's injuries but made a conscious decision to not rectify them. Instead, Petitioners had Claimant and other crew members continue working despite the dangerous conditions that were posed to them. Petitioners did so knowing the conditions at sea posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk by forcing Claimant and others aboard to stay in the path of Hurricane Ida.

### B. Unseaworthiness

11.    Claimant hereby incorporates by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

12.    At all relevant times the at least one of Petitioners owned and/or operated the M/V SANDPIPER.

13.    At all relevant times, the M/V SANDPIPER was unseaworthy. Specifically, without limiting the reasons that the M/V SANDPIPER was unseaworthy, it was unseaworthy because it was not adequately maintained, was not adequately equipped with the proper equipment to perform the work safely and was not adequately crewed.

14.    The unseaworthiness of the M/V SANDPIPER was a direct cause of Claimant's injuries.

### C. Failure to Pay Maintenance and Cure.

15.    Claimant hereby incorporates by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

16.    As a Jones Act seaman, Claimant was entitled to maintenance and cure as a result

of the injuries he sustained in the underlying incident. Claimant sustained his injuries while in the course of serving the vessel in his capacity as a Jones Act seaman assigned to the M/V SANDPIPER.

17. Petitioners have a legal duty to pay maintenance and cure to Claimant.

18. Petitioners have failed to pay Claimant's maintenance and cure. Petitioners have neither not paid the owed maintenance and cure or has unreasonably and arbitrarily withheld the payment of maintenance and cure. Petitioners have failed to provide Claimant with maintenance and cure despite knowing of Claimant's injuries that occurred during his work for on the M/V SANDPIPER and employed by Petitioners.

19. Additionally, the Petitioners decision to not pay maintenance and cure has been unreasonably, arbitrary, and willful, and thus entitles Claimant to punitive damages for the Petitioners failure to honor their maintenance and cure obligations.

## JURY DEMAND

20. Claimant demands a trial by jury. *See Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

## PRAYER

21. Claimant prays that after due proceedings are had that:

    a. The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

    b. Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and

    engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

c. There be judgment rendered herein in favor of Claimant, and against Petitioners, jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the incident until paid and for all costs of this proceeding;

d. Claimant be allowed to proceed with his claims in state court after filing the appropriate stipulations;

e. Claimant be allowed to proceed and prosecute their Claims without pre-payment of costs; and,

f. For all such other and further relief to which Claimant may be entitled under law and in equity.

Dated: September 16, 2022.

        Respectfully Submitted,

        ARNOLD & ITKIN LLP

        */s/ Kurt Arnold*
        Kurt Arnold
        SBN: 24036150
        karnold@arnolditkin.com
        Caj Boatright
        SBN: 24036237

cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR CLAIMANT MICHAEL FORD**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on September 16, 2022, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

*/s/ Roland Christensen*
Roland Christensen
